JaMarlin Fowler

PO Box 4219

Irvine, CA 92616-4219

323-251-6364

JaMarlin@visualfireproductions.com

FILED

2017 AUG 21  AM 11:48

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____NBD_____

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

## Southern Division

| | |
|---|---|
| JaMARLIN FOWLER, | ) |
| Plaintiff | ) |
| | ) |
| V. | ) Case No: SACV17-01436-JLS(DFMx) |
| SPRINT PCS A/K/A, | ) |
| SPRINT INTERNATIONAL COMMUNICATIONS | ) |
| CORPORATION | ) DEMAND FOR JURY TRIAL |
| Defendant | ) |

PLAINTIFF'S VERIFIED ORIGINAL COMPLAINT

Here now comes JaMARLIN FOWLER ("Plaintiff"), Pro Se, alleging in this complaint as follows:

1. The Plaintiff brings this action against the Defendant's violations of the laws of the United States and requests relief as follows:

JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. 1331, 1332 and 1338.

3. This Court has personal jurisdiction pursuant to 28 U.S.C. 1391.

PLAINTIFF

4. Plaintiff is a resident of the State of California, currently residing in the City of Irvine.

DEFENDANT

5. Defendant is a National Corporation licensed to do business in the State of California. Their statutory agent is listed as: Princeton-Hall Corporation System, Inc.

COMMERCE

6. Plaintiff is a media content producer and artist that is co-owner to a multimedia production company which produces original content.

7. At all times Defendant has maintained a substantial course of trade in or affecting commerce, as "commerce" is defined in section 4 of the FTC Act, 15 U.S.C. 44.

DEFENDANT'S ACTIONS GIVING RISE TO THIS COMPLAINT

8. On or before August 4th, 2015 Defendant illegally purchased an ACTIVE mobile device still currently belonging to the Plaintiff from an unauthorized third party that was not authorized to access the account or make any changes.

9. That mobile device contained multiple forms of content (text messages, emails, photos, and other media) that were integral parts of Plaintiff's media production company. Some of the material on that phone was previously registered with the Library of Congress prior to the incident giving rise to this complaint.

10. Through Defendant's buyback program, before sending the phone back to their warehouse, they facilitated in assisting the unauthorized third party in copying the contents of the phone onto a separate memory card that the unauthorized user also purchased while in the retail store from the Defendant.

11. On August 17th, 2015 when Plaintiff received a higher than normal bill from the Defendant, Plaintiff called the Defendant's customer service ("Customer Care") number to inquire as to why Plaintiff's bill was higher than it should have been.

12. The Plaintiff was informed at the time of the call on the 17th of August by the representative initially that the Plaintiff had canceled the line and as a result was charged an Early Termination Fee ("ETF").

13. The Plaintiff refuted the representative's statement and informed her that Plaintiff made no such changes to the account and that the line in question was simply restricted from a call previously made to their service line in March of 2015.

14. After informing her of that she said that she would reactivate the line and reverse the ETF. However, after some time she realized that she could not in fact reinstate the line and told me that she would have someone call me with an update.

15. On August 19th, 2015, Plaintiff once again called the Defendant's Customer Service line to see what the situation was and why Plaintiff had not received a return phone call.

16. A new rep once again on August 19th, 2015 tried to reactivate the line, but she also could not successfully do it. She then attempted to retrieve the Plaintiff's phone from their warehouse, but then came back on the line and informed the Plaintiff that the phone was no longer at their warehouse and was on someone else's account.

17. The Plaintiff asked her how someone else could be actively using a phone that belongs to the Plaintiff that they should have never had in the first place.

18. Her supervisor informed the Plaintiff that someone within Sprint circumvented the Plaintiff's security measures and removed the phone from the account without authorization and informed the Plaintiff that she would file a fraud report.

19. The Plaintiff was later escalated to the Defendant's Executive Response Team and after a few days was escalated to the Defendant's claims division.

20. Although the Plaintiff addressed issues such as the unauthorized acquisition of the Plaintiff's phone and content and the unjustly levied ETF, the Defendant failed to take Plaintiff's claims seriously giving rise to this complaint for copyright

...

infringement, breach of contract, conversion, unjust enrichment and invasion of privacy.

21. Defendant is fully aware of this claim (Sprint Case Number #2169474).

22. The statute of limitations for civil copyright infringement is three years under 17 U.S.C. 507 making this complaint timely and the venue correct.

## VIOLATIONS

The Plaintiff alleges against the Defendant as follows:

23. That the Defendant, through negligence or other means, illegally accessed Plaintiff's (account holder's) mobile device with copyright content included on it and account without the Plaintiff's permission.

24. If the Defendant had of contacted the Plaintiff, the Plaintiff would have denied the Defendant's ability to purchase said device because of the information contained within the mobile device.

25. Defendant knew or should have known that the device did not belong to the third party nor were they on the account, nor did the Defendant attempt to verify.

26. That the Defendant assisted in copying the data from the mobile device that contained Plaintiff's copyrighted content.

27. That then the Defendant illegally brought back the phone from the unauthorized third party and gave that party a credit to buy a brand new device under that party's own name.

28. The Defendant continued to illegally assess Monthly Reoccurring Charges (MRC) to Plaintiff for that phone/line EVEN AFTER they brought it back until the phone was terminated in their warehouse in August.

29. Once the phone was in their warehouse for a period of time they used their system to circumvent Plaintiff's security measures and removed the phone from Plaintiff's account, even though the phone still currently belongs to Plaintiff as of the day of this filing.

30. That the Defendant then assessed an ETF for the line and then when the matter was brought to their attention failed to mitigate damages and still assessed the fee anyway.

PRAYER FOR RELIEF

The Plaintiff therefore requests the following:

31. The return of Plaintiff's mobile device with any intellectual property still remaining on it.

32. Reimbursement for the unjust enrichment that Defendant received as a result of the conversion of Plaintiff's phone and the charges of the MRC.

33. Reimbursement for the unjustly levied Early Termination Fee (ETF) that the Defendant assessed that the Plaintiff paid in protest.

34. Copyright infringement statutory damages for the duplication and purchase, and furthermore possible destruction of Plaintiff's original intellectual property without the creator's consent.

35. Punitive damages for breach of contract and breach of privacy.

36. Court costs and legal fees.

37. Any other relief this Court deems just and proper.

Respectfully submitted this 21st Day of August, 2017.

*[signature]*

JaMarlin Fowler

Plaintiff-Pro Se

PO Box 4219

Irvine, California 92616-4219

323-251-6364

JaMarlin@visualfireproductions.com

JF

**VERIFICATION OF ORIGINAL COMPLAINT** ~~AND MEMORANDUM IN SUPPORT~~

I, JaMARLIN FOWLER, have read the foregoing Verified Original Complaint and that the information herein as factual is true, and those factual matters which are stated upon information and belief are believed to be true to my personal knowledge.

I declare under penalty of perjury that the above is true and correct.

_____

JaMarlin Fowler- Plaintiff, Pro Se

Subscribe to and affirmed before me this _____ Day of August, 2017.

~~Attached loose Jurat Certificate~~

_____

Public Notary

Certification of Service

I certify under act of perjury that a copy of the foregoing was mailed to the Defendant of Record on this 21st Day of August, 2017.

SPRINT PCS aka Sprint International Communications Corporation:

The Prentice-Hall Corporation System, Inc.

2710 Gateway Oaks Dr.   STE 150N

Sacramento, CA 95833

_____

JaMarlin Fowler

Plaintiff, Pro Se

PO Box 4219

Irvine, CA 92616-4219

JaMarlin@visualfireproductions.com

323-251-6364

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of Orange

Subscribed and sworn to (or affirmed) before me on this 21st day of August, 2017, by Jamarlin Fowler proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

(Seal)

WENDY A. GLEICH
Notary Public - California
Orange County
Commission # 2154534
My Comm. Expires May 24, 2020

Signature _Wendy A. Gleich_